## THE JOHN R. WILLIAMS.
## UNITED STATES v. GREAT LAKES DREDGE & DOCK CO. et al.

District Court, S. D. New York.

March 31, 1943.

Mathias F. Correa, U. S. Atty., of New York City (Vincent A. Catoggio, Jr., Sp. Asst. to the U. S. Atty., of New York City, of counsel), for libellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine, of New York City, of counsel), for respondent-claimant.

COXE, District Judge.

These are exceptions by the respondent to so much of a commissioner's report as allows various items of damage claimed by the libellant. The suit is for damages for injuries to a submarine telephone cable owned by the libellant. The cable runs across the Narrows in New York harbor between Fort Hamilton and Fort Wadsworth. The trial court held the respondent's tug "John R. Williams" liable for the injuries, and referred the case to a commissioner to ascertain the damages.

The commissioner awarded to the libellant four items of damage amounting in the aggregate to $1,918.67, with interest from September 14, 1938. The first of these four items is for $724.70 for the cost of new materials used in repairing the cable. This item is not in dispute. The other three items are for actual expenditures for fuel, water, rations and crew's wages for the libellant's cable repair vessel "Joseph Henry" for a period of 8½ days during which she was engaged in repairing the cable. The respondent has excepted to the allowance of these three items on the broad ground that the repair vessel was owned and operated by the libellant, and that the operating expense would have been incurred even though there had been no cable to repair.

The "Joseph Henry" was owned and maintained by the libellant as a cable repair vessel; she was thus required to have at all times a full complement of men in order to be in readiness for immediate work. The three disputed items allowed by the commissioner cover only the actual cost of operating the vessel during the 8½ days she was engaged in the repair work. The reasonableness of the amounts charged is not questioned. The only contention is that the libellant cannot recover because it did the work itself.

I think this contention must fail. The case is similar to that of The Commonwealth, D.C., 297 F. 651, where the government was allowed to recover for the use of a government owned drydock during the repair of a government owned vessel. Substantially the same argument now made by the respondent was rejected in that case. There is an analogy also to the "spare boat" cases, in which recoveries have been permitted for the use of spare boats maintained for emergencies. The Cayuga, Fed.Cas.No. 2,537, affirmed 14 Wall. 270, 20 L.Ed. 828; The Favorita, Fed.Cas.No.4,695, affirmed

410

18 Wall. 598, 21 L.Ed. 856; New Haven Steam-Boat Co. v. The Mayor, D.C., 36 F. 716.

The exceptions filed by the respondent are overruled and the report confirmed. The compensation of the commissioner will be fixed on the presentation of the order of confirmation.